# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2999-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

J.W.,[1]

     Defendant-Appellant.

_____

Submitted December 18, 2024 – Decided February 28, 2025

Before Judges Marczyk and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 16-11-3103.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Maura M. Sullivan, Assistant Prosecutor, of counsel and on the brief).

---

[1] We use initials to identify defendant and others to protect the identity of the child victim in this matter. R. 1:38-3(c)(9), (12).

PER CURIAM

Defendant J.W. appeals from the trial court's March 23, 2023 order denying her application for post-conviction relief (PCR). Following our review of the record, the parties' briefs, and the applicable legal principles, we affirm.

I.

In November 2016, defendant was indicted and charged with: first-degree endangering the welfare of a child, N.J.S.A. 2C:24-4b(3) (counts one to four); second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4b(4) (counts five to eight); second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4b(5) (counts nine to nineteen); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4a(1) (count twenty).

In May 2018, defendant appeared before the court for a plea hearing. In exchange for defendant's guilty plea to count one, the State recommended a reduced sentence, in the second-degree range, of seven-and-a-half years' imprisonment subject to the No Early Release Act (NERA).[2] The remaining counts of the indictment were to be dismissed.[3] As part of the plea, defendant

---

[2] N.J.S.A. 2C:43-7.2.

[3] The State also agreed to dismiss a third-degree witness tampering charge under a separate warrant.

would be subject to Nicole's Law,[4] including no third-party contact on defendant's behalf, Megan's Law,[5] and Parole Supervision for Life (PSL).

Defendant testified during the hearing that in May 2014 she used her computer to contact a man through Craig's List. She admitted she sent the man a naked picture of her daughter, K.H., then age five. She acknowledged she knowingly permitted her daughter to be naked with the intention of photographing her, knowing that it would result in the man's sexual gratification.

Because defendant's appeal involves matters that transpired prior to her entering a plea and being sentenced, we examine those events in more detail. During the plea hearing, the prosecutor explained defendant would be pleading guilty to count one in exchange for the dismissal of the other charges. She noted that Nicole's Law paperwork had been completed, restricting defendant from having any contact with the victim, and that defendant would be subject to Megan's Law with PSL.

The court inquired whether there was a Family Part order that prohibited contact between defendant and the victim. Defense counsel acknowledged there was and that defendant was to abide by that order as well. The prosecutor

---

[4] N.J.S.A. 2C:14-2 and 2C:44-8.

[5] N.J.S.A. 2C:7-2.

clarified there would be an additional Nicole's Law order and defendant would be limited under PSL.

Defendant then testified her attorney answered all her questions, and they discussed the decision to waive her right to trial prior to the plea hearing. After reviewing the terms of the plea agreement, including that defendant would be subject to Megan's Law, that she must abide by any active family court orders, and that she signed a Nicole's Law order, defendant testified she understood. The judge explained the Megan's Law consequences at length to defendant.

The court then explained Nicole's Law and that defendant could not have contact with the victim. Defendant testified she understood, she signed the order of her own free will, no one forced her to sign it, she reviewed it with her attorney prior to signing it, and she did not have any questions regarding Nicole's Law.

Defendant waived her right to appeal as part of her plea. The court explained that while defendant always has the right to appeal, waiving that right merely means if she did file an appeal, the State could apply to have the plea withdrawn and, if the court were to grant it, the charges would be reinstated, and nothing said at the plea hearing could be used against her. Defendant testified that she understood the implications of waiving her right to appeal.

4

Defendant also testified that she was "fully satisfied with [the] legal . . . services that [her] attorney . . . provided," that she was voluntarily pleading guilty of her own free will, that she had enough time to meet with her attorney, and that no one threatened or forced her to plead guilty. Importantly, defendant acknowledged she was satisfied with the investigation conducted by her attorney.

When asked if defendant had any questions, defendant inquired whether PSL started at sentencing. The court informed defendant that it started upon release from prison. Trial counsel stated he believed it started upon sentencing, but the court corrected counsel and informed defendant it started upon release, when defendant would be back in the community. Defendant stated she understood and, knowing that, she still wished to plead guilty. Based on defendant's statements under oath, the court found her guilty plea was knowing and voluntary, with an appropriate factual basis.

At sentencing, the trial court confirmed there was a Nicole's Law restraining order, which defense counsel stated was signed, confirming defendant would have no contact with the victim. Defendant stated she understood she could have no contact with the victim, and if she violated the

Nicole's Law restraining order, she could be charged with a fourth-degree offense.

The trial court sentenced defendant in accordance with the plea agreement to seven-and-one-half years' imprisonment subject to NERA, Nicole's Law, and PSL. Defendant did not file a direct appeal.

In February 2022, defendant filed a pro se PCR petition. PCR counsel filed a brief with an appendix and a supplemental memorandum. Defendant argued that counsel was ineffective by failing to: obtain her work records, retain an expert, and challenge a warrant. She also alleged counsel was ineffective for providing misinformation regarding the implications of Megan's Law and her incarceration location. Counsel also asserted Nicole's Law was unconstitutional as applied in this matter.

On March 23, 2023, the PCR court, as discussed more fully below, denied all of defendant's claims and request for an evidentiary hearing on the claims.

II.

Defendant raises the following point on appeal:

POINT I

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HER CLAIMS THAT HER ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO

6 A-2999-22

INVESTIGATE HER WORK RECORDS, RETAIN AN EXPERT, OR CHALLENGE THE WARRANT, AND BY PROVIDING MISINFORMATION ABOUT MEGAN'S LAW AND HER INCARCERATION LOCATION, AND BY FAILING TO ADVOCATE ADEQUATELY ABOUT NICOLE'S LAW, WHICH IS UNCONSISTUTIONALLY APPLIED IN THIS CASE.

We review a PCR court's conclusions of law de novo. State v. Nash, 212 N.J. 518, 540-41 (2013). We must affirm the PCR court's factual findings unless they are not supported by "sufficient credible evidence in the record." Id. at 540. A judge's decision to deny a PCR petition without an evidentiary hearing is reviewed under an abuse of discretion standard; however, we may review the factual inferences and legal conclusions drawn by the court de novo. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)); State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). A defendant

7

must establish both prongs by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012).

As to the first prong, the Constitution requires "reasonably effective assistance," so an attorney's performance may not be attacked unless they did not act "'within the range of competence demanded of attorneys in criminal cases,'" and instead "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999) (citing State v. Davis, 116 N.J. 341, 357 (1989)). Thus, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Further, the court must not focus on the defendant's dissatisfaction with "counsel's exercise of judgment during the trial . . . while

A-2999-22

ignoring the totality of counsel's performance in the context of the State's evidence of [the] defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006).

For the second prong of the Strickland test, "the defendant must show that the deficient performance prejudiced the defense" because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 687, 694. This means "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Marshall, 148 N.J. at 261 (quoting Strickland, 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

Furthermore, "[i]t is well established that the Strickland standard applies with equal force to assertions of ineffective assistance of counsel associated with the entry of guilty pleas as to trial derelictions." Gaitan, 209 N.J. at 350-51 (citing Hill v. Lockhart, 474 U.S. 52, 57 (1985)). "In the specific context of showing prejudice after having entered a guilty plea, a defendant must prove

'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial.'" Id. at 351 (alteration in original) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)).

A petitioner is not automatically entitled to an evidentiary hearing merely by filing for PCR. State v. Porter, 216 N.J. 343, 355 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if: (1) they establish "a prima facie case in support of [PCR]," (2) there are "material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) "an evidentiary hearing is necessary to resolve the claims for relief." Porter, 216 N.J. at 354 (alteration in original) (quoting R. 3:22-10(b)). In order to establish a prima facie case, a "defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b); see also Marshall, 148 N.J. at 158. Thus, to obtain an evidentiary hearing on a PCR petition based upon claims of ineffective assistance of counsel, a defendant must make a showing of both deficient performance and actual prejudice. State v. Preciose, 129 N.J. 451, 463-64 (1992).

Conversely, Rule 3:22-10(e) states

> [a] court shall not grant an evidentiary hearing:
>
> > (1) if an evidentiary hearing will not aid the court's analysis of the defendant's entitlement to [PCR];
> >
> > (2) if the defendant's allegations are too vague, conclusory or speculative; or
> >
> > (3) for the purpose of permitting a defendant to investigate whether additional claims for relief exist for which defendant has not demonstrated a reasonable likelihood of success as required by R[ule] 3:22-10(b).

Thus, "in order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170. "[R]ather, the defendant 'must allege facts sufficient to demonstrate counsel's alleged substandard performance.'" State v. Jones, 219 N.J. 298, 312 (2014) (quoting Porter, 216 N.J. at 355).

Here, regarding defendant's claims that trial counsel was ineffective for failing to investigate defendant's work records, the PCR court held that no work records were produced nor an affidavit to support the assertions, only "b[a]ld statement[s] that trial counsel [was] ineffective." The court also found defendant presented no evidence of prejudice. Thus, the court found the claim

failed and an evidentiary hearing was not warranted as defendant made "no prima facie showing of ineffective assistance of counsel."

The PCR court also observed that "during the plea colloquy, defendant stated that she was . . . satisfied with the investigation her attorney . . . conducted." The court further noted that it had "no idea what [the] work records would have shown" and thus found there was "no prima facie showing of . . . ineffective assistance of counsel."

Regarding defendant's claim that trial counsel was ineffective for failing to obtain an expert, the PCR court found defendant "failed to show what would have been demonstrated through an expert opinion," and only provided a "blanket statement unsupported by any report or affidavits depicting what the expert would have shown." The PCR court also found there was no showing of prejudice, and that defendant provided no evidence to demonstrate "that even with an expert report, [defendant] would not have pled guilty and insisted on going to trial." Thus, the court found there was no prima facie showing that trial counsel was ineffective for failing to obtain an expert, and no evidentiary hearing was needed.

As to defendant's claim that trial counsel was ineffective for failing to challenge the warrant, the PCR court found this claim to be "meritless, as that

A-2999-22

argument fails to detail in any way, what type of challenge would have been made." The PCR court found there was no showing that a challenge to the warrant would have been successful and, likewise, no prejudice demonstrated for failing to challenge the warrant.

With respect to defendant's claim that trial counsel was ineffective because he informed her that Megan's Law supervision would begin on the date of incarceration, the PCR court found there was "absolutely no merit" to this claim. It noted "that there was some back and forth" where trial counsel said Megan's Law would begin when defendant was sentenced, but the trial court "corrected that" and "said no, that's not correct." The PCR court noted it advised defendant that Megan's Law began once released from prison. The court further found there was "no showing of prejudice" as defendant still entered a guilty plea after learning Megan's Law would only begin once she was released. Thus, the PCR court found defendant failed "to make a prima facie showing that she was ill-advised by her [trial counsel] in reference to Megan's Law" and denied an evidentiary hearing.

The PCR court then determined defendant's argument, that she was wrongly advised by trial counsel that she would be placed in minimal security and then a halfway house was "meritless," as "defendant was well aware that the

plea agreement recommendation was for state prison." It further found defendant "failed to demonstrate that even if she knew that she would not be able to select her housing in state prison that she would not have accepted the plea agreement." Regardless, it found defendant "failed to show . . . that she wouldn't have pled guilty unless she knew what prison she was going to." The PCR found defendant was not prejudiced, did not establish a prima facie case for ineffective assistance of counsel, and thus denied an evidentiary hearing.

The PCR court found defendant's argument that Nicole's Law was unconstitutional as applied to her case "should have been raised on direct appeal." The PCR court found that Rule 3:22-4(a)(1)-(3) barred the claim and defendant failed to show any exceptions to the rule nor how enforcement of the procedural bar would result in a fundamental injustice.

We affirm substantially for the reasons set forth in the PCR court's comprehensive oral opinion. We add the following comments. The PCR court properly determined defendant failed to establish a prima facie case which warranted an evidentiary hearing. Defendant failed to demonstrate how her work records would have impacted her decision to enter a guilty plea. Defendant could have obtained those work records and presented them to the PCR court or obtained an affidavit from one of her former employers or co-employees, but

14

she failed to do so. Moreover, other than a bald allegation that her counsel failed to retain an expert, defendant does not suggest what the expert would have opined or how it would have affected her guilty plea. Moreover, defendant acknowledged at her plea hearing she was satisfied with the investigation conducted by her trial counsel.

Defendant also failed to show what challenge should have been made to the warrant, much less how such application would have been successful. We further note the court correctly observed it advised defendant that Megan's Law PSL began once she was released from jail. Although defendant's attorney initially suggested the parole supervision would begin at sentencing, the court clarified in detail to defendant that it began after release from prison. Defendant cannot show she was prejudiced, as she was provided with the correct information at the plea hearing and decided to proceed with her guilty plea.

For the first time on appeal, defendant challenges the constitutionality of Nicole's Law as applied to her. This issue was not raised before the PCR court as an ineffective assistance of counsel claim. Ordinarily, when a party fails to raise an issue to the trial judge, we "will decline to consider" those questions "unless the questions so raised on appeal go to the jurisdiction of the trial court

15

or concern matters of great public interest." Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)).

In addition, this issue was not properly briefed on appeal, as there is no meaningful discussion or analysis of how the statute was unconstitutional as applied. Consequently, we decline to address this issue based on the insufficient briefing and record on this issue. An issue may be deemed waived if not properly briefed. See Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2017); see also Telebright Corp. v. Dir., Div. of Tax'n, 424 N.J. Super. 384, 393 (App. Div. 2012) (treating such a failure to brief an argument as a waiver).

In short, we discern no error in the PCR court's decision. The court did not misapply its discretion in denying defendant's PCR application without an evidentiary hearing.

To the extent that we have not addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16

A-2999-22